IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAAHDI COLEMAN,

          Petitioner,                   No. CIV S-07-0136 FCD GGH P

     vs.

KEN CLARK, Warden, et al.,

          Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

          Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2003 conviction for first degree murder.  Petitioner filed his original petition on January 19, 2007.  This action is proceeding on the amended petition filed December 4, 2007.

          Pending before the court is respondent's March 5, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations.  After carefully considering the record, the court recommends that respondent's motion be granted.

*Legal Standard to be Utilized*

          The court pauses for a moment, to discuss a procedural issue which the parties ignore – the standard which the court utilizes to assess the extra-record evidence in an AEDPA statute of limitations motion.

1    Procedurally speaking, habeas corpus is an unruly beast.  The statutes concerning

2    habeas corpus allow "documentary evidence" to be added, 28 U.S.C. § 2247, and in the

3    discretion of the judge, evidence by "by affidavit."  28 U.S.C. § 2246.  Judges are allowed in

4    their discretion to "supplement the record" with whatever documentary evidence seems

5    appropriate.  Rules for § 2254 cases, Rule 7.  Such additions are the antithesis of a motion to

6    dismiss under Fed. R. Civ. P. 12(b)(6).  Moreover, Ninth Circuit precedent does not recognize a

7    civil "motion to dismiss" in habeas practice.  O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir.

8    1990).  This authority would indicate that the court is not limited to the pleadings, and may

9    decide the motion based on all submittals. Yet we are also told that where not inconsistent with

10   specific habeas statutes or rules, the Federal Rules of Civil Procedure apply, Fed. R. Civ. P.

11   81(a)(4), which here would indicate that a summary judgment procedure would apply.  See Olsen

12   v. Idaho State Brd. Of Medicine, 363 F.3d 916, 921-922 (9th Cir. 2004), where evidence outside

13   the pleading is presented on a motion to dismiss, the matter should be treated as one for summary

14   judgment.

15   Based on the above, the undersigned chooses that line of authority which would

16   indicate that the AEDPA statute of limitations may be decided on the extra-record submittals of

17   the parties within a motion despite the existence of an "issue of fact," except where the court in

18   its discretion believes that the factual "paper" record is insufficient and requires an evidentiary

19   hearing.

20   *Discussion*

21   The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. §

22   2244(d)(1):

23   A 1-year period of limitation shall apply to an application for a writ
     of habeas corpus by a person in custody pursuant to the judgment
24   of a State court.  The limitation period shall run from the latest of–

25   (A) the date on which the judgment became final by the conclusion
     of direct review or the expiration of the time for seeking such
26   review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On October 13, 2004, the California Supreme Court denied petitioner's petition for review.  Respondent's Lodged Document 5.  Petitioner's conviction became final 90 days later on January 11, 2005.  <u>Bowen v. Roe</u>, 188 F.3d at 1157.  Therefore, petitioner had one year from that date, i.e. until January 11, 2006, to file a timely federal petition.  The instant action, filed January 19, 2007, is not timely unless petitioner is entitled to statutory or equitable tolling.

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Petitioner filed his first state habeas petition in the Sacramento County Superior Court on January 19, 2006.  Respondent's Lodged Document no. 6.  However, this petition contains a proof of service dated January 11, 2006.  <u>Id.</u>.  Pursuant to the mailbox rule, the court finds that the petition was filed January 11, 2006.  On February 21, 2006, the Superior Court denied the petition as untimely.  <u>Id.</u>, no. 7.  On March 20, 2006, petitioner filed a motion for reconsideration.  <u>Id.</u>, no. 8.  On April 11, 2006, the motion for reconsideration was granted and the petition denied.  <u>Id.</u>, no. 9.

On May 10, 2006, petitioner filed a habeas corpus petition in the California Court of Appeal.  <u>Id.</u>, no. 10.  On May 18, 2006, the California Court of Appeal denied the petition without comment or citation.  <u>Id.</u> no. 11.

On December 6, 2006, petitioner filed a habeas corpus petition in the California Supreme Court. Id., no. 12. On June 13, 2007, the California Supreme Court denied the petition without comment or citation. Id., no. 15.

On June 22, 2007, petitioner filed a second habeas petition in the California Supreme Court. Id., no. 16. On November 28, 2007, this petition was denied by an order citing In re Clark, 5 Cal.4th 750 (1993). Id., no. 17.

On July 26, 2007, petitioner filed a third petition for writ of habeas corpus in the California Supreme Court. Id., no. 18. On January 23, 2008, this petition was denied by an order citing In re Clark, 5 Cal.4th 750 (1993). Id., no. 19.

To set up respondent's arguments, the court summarizes the status of petitioner's timeliness at this juncture. For whatever reason, petitioner waited until the last possible day to commence state statutory tolling when he filed his first state habeas petition. Therefore, petitioner put himself on the razor's edge of untimeliness dismissal. When petitioner filed his federal petition on January 19, 2007, the AEDPA limitations period ceased running. Therefore, state petitions filed after that point, if even satisfactory to toll the limitations period in the abstract (and they are not because of Pace reasons and/or the fact that they constitute new rounds of tolling), do not count in the tolling analysis. Petitioner was either timely on January 19, 2007, or he was not. The only issue presented by the parties concerns the time period between the California Appellate decision and the filing of the first Supreme Court petition.

In the motion to dismiss, respondent does not argue that the first and second state petitions were improperly filed, despite the clear finding by the Superior Court that the first petition was untimely. Accordingly, any argument by respondent that the first state petition was not properly filed is waived. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807 (2005) (habeas petition denied as untimely will not toll the limitations period pursuant to 28 U.S.C. § 2254(d)(2) because it is not "properly filed"). Rather, respondent argues that the first petition filed in the California Supreme Court was not timely. The court now examines that

1   argument.

2          Ordinarily, under § 2244(d)(2) the one year limitations period is tolled from the

3   time a California prisoner files his first state habeas petition until the date the state Supreme

4   Court rejects his final collateral challenge.  Carey v. Saffold, 536 U.S. 214, 219-20, 122 S.Ct.

5   2134 (2006).  The time between a lower court's decision and the filing of a new petition in a

6   higher court is treated as time the petition is pending, provided the state court does not dismiss

7   the petition as untimely and the intervals between the petitions are "reasonable."  Id. at 223-236.

8          Where there is no clear indication from the state court as to whether the petition

9   was timely under California law, however, the federal court must itself examine the delay and

10  determine whether the petition was filed within what California would consider a reasonable

11  period of time.  Evans v. Chavis, 546 U.S. 189, 197-98, 126 S.Ct. 846 (2006).  Even when a

12  California state habeas petition is denied on the merits, the federal court must determine whether

13  the petition was timely, if the issue of timeliness was not expressly addressed by the state court.

14  Id.

15         Respondent argues that petitioner is not entitled to statutory tolling for his first

16  petition filed in the California Supreme Court because, under the mailbox rule, it was filed 179

17  days after the California Court of Appeal denied his earlier state habeas petition.  Respondent

18  argues that, pursuant to Evans, this petition was untimely.

19         In Evans, the Supreme Court held that an unjustified delay of six months between

20  the denial by one state court and a new filing in a higher court was too long to permit statutory

21  tolling.  546 U.S. at 201, 126 S.Ct. 846.  In the opposition, petitioner argues that his six month

22  delay was not per se unreasonable.  Petitioner contends that in Evans, the Supreme Court found

23  an unexplained delay of six months was unreasonable in the context of a delay of more than three

24  years, a factor that distinguishes Evans from this case.  In Waldrip v. Hall, No. 07-55512, 2008

25  WL 4911327 (9th Cir. Nov. 18, 2008), the Ninth Circuit recently made clear that the Supreme

26  Court in Evans held that "an unexplained delay of six months between the denial by one

5

1  California state court and a new filing in a higher California court was too long to permit

2  tolling..." 2008 WL 4911327 * 5. Accordingly, petitioner is not entitled to statutory tolling for

3  his first petition filed in the California Supreme Court unless the delay in its filing was justified.

4        In the opposition, petitioner argues that the delay was justified because at the time

5  he filed his first petition in the California Supreme Court, he was incarcerated at the Substance

6  Abuse Treatment Center (SATC) at Corcoran. Petitioner contends that prisoners at SATF do not

7  have adequate law library access. In support of this claim, petitioner refers to the declaration of

8  his counsel attached as an exhibit to the petition. Counsel states that she has been told by

9  inmates at SATF that law library access is inadequate. Opposition, Exhibit 4.

10       Counsel's declaration regarding her knowledge of law library access is at SATF

11 does not address petitioner's actual law library access. Accordingly, the court does not find that

12 counsel's declaration adequately explains petitioner's delay in filing his first petition in the

13 California Supreme Court.

14       Petitioner argues that he is entitled to equitable tolling for the 179 days that it took

15 from the time the California Court of Appeal denied his state petition to when he filed his first

16 petition in the California Supreme Court because the SATF law library lost his petition.

17 Petitioner also argues for equitable tolling on grounds that he had inadequate law library access

18 because the prison was on lockdowns. Loss of the petition and inadequate law library access

19 could also justify the six month gap between the filings of the petitions in the California Court of

20 Appeal and California Supreme Court. Accordingly, the court considers whether, pursuant to

21 Evans, these factors justify the delay.

22       In his declaration submitted in support of his opposition, petitioner states, in

23 relevant part,

24       3. On July 18, 2006, I wrote to the California Supreme Court explaining that I
         was unable to file my third state petition for writ of habeas corpus [footnote
25       omitted] in that Court because my copy had been lost by the institutional law
         library. The institution had been on lock down, severely restricting my access to
26       the law library, but I informed the court that the lock down had been lifted and

6

that I would be pursuing the location of my habeas documents through the inmate appeal process. (Exhibit 1).

4. On July 24, 2006, the First Level Response to my appeal was written and denied. It said I had not followed the Paging System for the Facility IV-C Law Library. I believe I received this response in August of 2006. (Exhibit 2).

5. On March 17, 2007, the Director's Level Appeal was denied. While the law library had been searched, my documents had not been found. (Exhibit 3).

6. Meanwhile, I was able to recruit assistance from outside of the prison and have my third habeas copied and filed in the California Supreme Court on November 14, 2006.

7. It is extremely difficult to proceed in propria persona through the use of the California Department of Corrections and Rehabilitation (CDCR) Substance Abuse Treatment Facility (SATF) law library. The institution is often on lockdown, and when it is, no law library access is allowed for the first ten days. After that, inmates are allowed access to a limited number of research materials and copying services. "PLU" (preferred legal users) inmates have priority, but they have to verify they have a certain deadline with a written document from the courts, and they are only allowed special access to the library for the 30 days prior to the deadline. Because I did not have a written stated deadline from a court, I was not eligible for PLU status. I was relegated to the status of a "GLU" (general legal user) status, and therefore had to use the "paging system" whereby an inmate completes a form making specific requests for cases, statutes, or copying services, and there is no physical access to the law library; it is all done through correctional staff, who may or may not be sympathetic to an inmate's legal concerns and needs. (Exhibit 4).

7. Throughout the months from May to November of 2006, the habeas I prepared for filing in the California Supreme Court was lost somewhere within SATF. I finally had to re-do the entire thing and send it out to a friend to be copied.

Petitioner's declaration attached to opposition.

In the reply filed August 18, 2008, respondent contends that the prison law library log reflects that petitioner had adequate law library access during the relevant time. After the California Court of Appeal denied his state habeas petition on May 18, 2006, petitioner had law library access in approximately two hour blocks on June 13, 2006, June 20, 2006, June 27, 2006, July 18, 2006, July 21, 2006, July 25, 2006, July 28, 2006, August 4, 2006, August 8, 2006, and August 11, 2006. Respondent's Lodged Document 20. Considering that the first petition filed in the California Supreme Court was substantially similar to the petition filed in the California Court of Appeal, see respondent's lodged documents 10 and 12, the court finds that petitioner

1   had adequate law library access.  Therefore, petitioner's alleged lack of law library access did not

2   justify his delay in filing the first petition in the California Supreme Court.

3                 In the reply, respondent also argues that the alleged loss of petitioner's petition by

4   the prison did not justify his delay in its filing in the California Supreme Court.  Respondent

5   argues that the prison could not locate the petition because petitioner did not follow the proper

6   procedures for obtaining copies.  Attached to respondent's lodged document 22 are copies of the

7   inmate grievances petitioner filed regarding his lost petition.  The first level response dated July

8   24, 2006, states that petitioner failed to follow the proper procedures for obtaining copies:

9          I contacted the Facility IV-C Legal Librarian and asked if your legal documents
         have been received.  The librarian stated your documents have not been received

10          to this date.  The librarian produced a copy of the procedure for the Paging System
         for the Facility IV-C Law Library (See Attachment).  You did not follow the

11          proper procedure on sending your legal documents to the Law Library.

12   Respondent's Lodged Document 22.

13                 The Director's Level appeal stated that petitioner's second level response was

14   granted in part in that staff attempted to locate the missing documents but could not find them.

15   The findings of the Director's Level decision stated,

16          The appellant provides limited information related to the alleged lost legal
         materials that he claims to have sent out for copying.  He also claims that this has

17          occurred one other time.  The appellant does not provide the name of the officer(s)
         to whom he gave the materials nor does he provide a date of when these episodes

18          took place.  The institution accepted appellant's claim and conducted a search of
         the law library to ascertain if the materials had been received by the law library.

19          The search did not lead to the discovery of the appellant's material.  Therefore,
         that appellant's request to return his legal materials cannot be granted.

20

21   Respondent's Lodged Document 22.

22                 In his declaration, petitioner states after prison officials allegedly lost his petition,

23   he had to "re-do the entire thing" then send it out for a friend to be copied.  The court has

24   compared the petition he filed in the California Supreme Court with the petition he filed in the

25   California Court of Appeal.  But for a few pages, the petition filed in the California Supreme

26   Court appears to be a copy of the petition filed in the California Court of Appeal.  Based on this

1    circumstance, it is unclear what petitioner means when he says he had to "re do the entire thing."

2    It appears to this court that after the petition was lost, which apparently occurred sometime in

3    mid June 2006 based on the date of his first administrative grievance, petitioner could have easily

4    recreated the petition to be filed in the California Supreme Court with the copy of the petition he

5    filed in the California Court of Appeal which he clearly still had in his possession.

6           Because petitioner could have easily recreated the petition he wanted to file in the

7    California Supreme Court after the petition he sent for copying was allegedly lost by prison

8    officials, the court does not find that the alleged loss of the petition by prison officials justified

9    the six month delay in his filing of this petition.  In addition, the alleged loss of the petition by

10   prison officials does not justify the delay because petitioner's own failure to follow the

11   procedures for obtaining copies also appears to have contributed to the loss of the petition and

12   the inability of prison officials to find it.

13          For the reasons discussed above, the court finds that petitioner is not entitled to

14   statutory tolling for the time his first petition was pending in the California Supreme Court.

15   Therefore, petitioner is entitled to statutory tolling only for the time his first two state petitions

16   were pending, i.e. from January 11, 2006, to May 18, 2006, for a total of 127 days.  Adding 119

17   days to January 11, 2006 (the date the limitations period ran), would make petitioner's federal

18   petition due on May 18, 2006.  The instant petition is not timely.

19          Petitioner argues for equitable tolling on the same grounds he argues that his delay

20   in filing his first petition in the California Supreme Court was justified under Evans.

21          The one year statute of limitations for filing a habeas petition may be equitably

22   tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a

23   petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The prisoner must show

24   that the "extraordinary circumstances" were the cause of his untimeliness.  Stillman v.

25   LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).  "Indeed, the threshold necessary to trigger

26   equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v.

9

1  Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Petitioner "bears the burden of showing that this

2  extraordinary exclusion should apply to him."  Id.  Determining whether equitable tolling applies

3  is a "fact-specific" inquiry.  Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

4          The standard for finding a delay "justified" under Evans appears similar, if not

5  identical to, the standard applied in considering equitable tolling.  For the reasons discussed

6  above, the court finds that petitioner's alleged inadequate law library access and the alleged loss

7  of his petition by prison officials do not constitute extraordinary circumstances beyond his

8  control which made it impossible for him to file a timely federal petition.  Petitioner is not

9  entitled to equitable tolling.

10          For the reasons discussed above, the court recommends that respondent's motion

11  to dismiss be granted.

12          Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 5,

13  2008, motion to dismiss (no. 23) be granted.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within ten days after service of the objections.  The parties are advised

20  that failure to file objections within the specified time may waive the right to appeal the District

21  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: 12/15/08

                                      /s/ Gregory G. Hollows
23                                    _____
                                      UNITED STATES MAGISTRATE JUDGE
24

25  cole136.mtd

26

10