IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAAHDI COLEMAN,

    Petitioner,   No. 2:07-cv-0136 JAM GGH P

    vs.   ORDER AND

DERRAL G. ADAMS, Warden, et al.,   FINDINGS AND RECOMMENDATIONS

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, has filed an application for relief from final judgment, pursuant to Federal Rule of Civil Procedure 60.

    In his motion, plaintiff seeks relief from the 2003 state court conviction for first degree murder, the same conviction for which petitioner filed a habeas petition in this court on January 19, 2007. (Doc. No. 1 at 1.) Respondents' motion to dismiss the petition as barred by the statute of limitations was granted on February 18, 2009. (Doc. No. 40.) The Ninth Circuit Court of Appeals affirmed the district court's judgment on October 1, 2010. (Doc. No. 50.)

    Petitioner now challenges this same state court conviction under Rule 60(b)(3). Motions brought under Rule 60(b)(3) must be made within a reasonable time and "no more than a year after the entry of the judgment...." Fed. R. Civ. P. 60(c)(1). Petitioner's Rule 60(b) motion was filed more than four years after entry of judgment. Therefore, petitioner's motion will be denied as untimely, to the extent it has not been rendered inoperative by his appeal and

1

affirmation of the judgment by the Ninth Circuit Court of Appeals.

Furthermore, even if this court had the authority to correct a state court criminal judgment under Rule 60, it has long been the rule that Rule 60 may not be used to avoid the prohibition against second or successive petitions set forth in 28 U.S.C. § 2244(b).  Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  The current motion therefore represents a successive challenge to the same 2003 conviction at issue in the petition originally filed in this action.[1] Accordingly, this court lacks jurisdiction to entertain the application unless the Court of Appeals for the Ninth Circuit has authorized this court to do so.  See 28 U.S.C. § 2244(b)(3)(A).  See also, e.g., Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012) ("A petitioner must obtain leave from the Court of Appeals in order to file a 'second or successive' habeas petition with the district court.").  The current motion includes no information to suggest that petitioner has sought or received permission from the Court of Appeals to file the instant petition.  Therefore, petitioner's motion will be dismissed without prejudice to refiling a habeas application upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Accordingly, IT IS ORDERED that: the Clerk of the Court shall serve respondents with petitioner's Rule 60(b) motion (doc. no. 53) and these findings and recommendations.

IT IS HEREBY RECOMMENDED that: Petitioner's motion for relief from judgment under Rule 60(b), filed April 17, 2013, (doc. no. 53), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served

---

[1] The dismissal of a petition as untimely constitutes a disposition on the merits for purposes of 28 U.S.C. § 2244(b)(3).  McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009)

within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2013

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

GGH:076/Cole0136.60b.wpd